# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

    Sandra Ann Fussy,

        Debtor.

Chapter 7
Case No. 20-50199

Erik A. Ahlgren,
Trustee

        Plaintiff,

v.

Dale Fussy,

        Defendant.

Adv. Pro. 21-_____

## DEFENDANT DALE FUSSY REQUEST FOR DECLARATORY JUDGMENT

Dale Fussy ("Defendant") brings this request seeking a determination that the Debtor holds a marital interest in certain real estate and an order that may be filed in the land records recognizing the Debtor's marital interest in the real estate.

### PARTIES

1. The Trustee is the duly-appointed Chapter 7 Trustee of the bankruptcy estate of the Debtor.

2. The Debtor is an individual residing at 1619 Carl Street, Apt. 8B, Lauderdale, MN 55108.

3. Defendant Dale Fussy ("Defendant") is an individual residing at 11881 State Highway 238, Royalton, MN 56373.

## JURISDICTION AND VENUE

4. The Debtor commenced this case as a chapter 7 bankruptcy in this district, and the case is now pending in this court.

5. This adversary proceeding is brought pursuant to 11 U.S.C. §§105 and 541, Federal Rules of Bankruptcy Procedure 7000(1) and Local Rule 1070-1.

6. Jurisdiction over this adversary proceeding is based on 28 U.S.C. §§1334(b). This is a core proceeding under 28 U.S.C. §157(b)(2)(A).

7. This district is the proper venue for this adversary proceeding pursuant to 28 U.S.C. §1409(a).

8. The Defendant consents to final orders or judgment of this Court.

## BACKGROUND FACTS

9. Debtor and Defendant are wife and husband. There is a concurrent dissolution of marriage action whereby Debtor is Petitioner and Defendant is Respondent in the County of Morrison, State of Minnesota (Court File No. 49-FA-19-838).

10. The marital estate of Debtor and Defendant includes real property located at 1181 State Highway 238, Royalton, Minnesota ("Royalton Real Estate"). The Debtor also listed the Royalton Real Estate among her assets on Schedule A to the Debtor's bankruptcy petition. Debtor has a marital interest in the Royalton Real Estate.

11. Following the court's November 23, 2020 order denying the Debtor's homestead exemption in the Royalton Real Estate, the Debtor filed amended schedules (Doc 28) claiming an exemption of $11,765.00 under 11 U.S.C. §522(d)(5).

12. The Trustee had an independent appraisal conducted on the Royalton Real Estate by certified appraiser, Susanne Barkalow of Barkalow Appraisals. Pursuant to Minnesota Statutes section 518.58, "The court shall value marital assets for purposes of division between the parties as of the day of the initially scheduled prehearing settlement conference, unless a different date is agreed upon by the parties, or unless the court makes specific findings that another date of valuation is fair and equitable." The Trustee had Barkalow provide values for the Royalton Real Estate as of August 14, 2019, the date of the initial prehearing conference. The Royalton Real Estate was appraised at $220,000 as of August 14, 2019.

13. For purposes of the state dissolution action, the Court has not determined the value of the Royalton Real Estate as it relates to the equitable distribution of the marital estate. Pursuant to Minn. Stat. §518.58 the Court is to consider liens against the property before determining the marital estate.

14. The Trustee has appeared in the dissolution action and has informed the Court that he will seek a determination from the bankruptcy court as to the valuation of the Debtor's marital interest in the Royalton Real Estate. The state court dissolution action has been stayed until a determination is made of value of Debtor's marital interest in the Royalton Real Estate. The State Court Judge indicated she will determine the marital interest if the Bankruptcy Court desires her to do so.

## DECLARATORY JUDGMENT

15. The Defendant restates and incorporates herein by reference the allegations contained in the paragraphs above.

16. The Debtor has a marital interest in the Royalton Real Estate.

17. Minnesota Statute section 518.003, subdivision 3(b) states: "Marital property" means property, real or personal, including vested public or private pension plan benefits or rights, acquired by the parties, or either of them, to a dissolution, legal separation, or annulment proceeding at any time during the existence of the marriage relation between them, or at any time during which the parties were living together as husband and wife under a purported marriage relationship which is annulled in an annulment proceeding, but prior to the date of valuation under section 518.58, subdivision 1. Each spouse shall be deemed to have a common ownership in marital property that vests not later than the time of the entry of the decree in a proceeding for dissolution or annulment. The extent of the vested interest shall be determined and made final by the court pursuant to section 518.58. The interest shall take into consideration liens prior to determining the marital estate.

18. The Trustee is entitled to declaratory judgment finding that (1) the Debtor holds a marital interest in the Royalton Real Estate; (2) the value of the marital interest is one-half of the appraised value as of the August 14, 2019 less the recorded liens against the property; and (3) the Debtor's interest in the Royalton Real Estate is property of the Debtor's bankruptcy estate within the meaning of 11 U.S.C. §541, subject to the Debtor's claimed exemption of $11,765.00 under 11 U.S.C. §522(d)(5).

19. Declaratory judgment is justified because there is a substantial controversy between the parties of sufficient immediacy and reality to warrant the issuance of declaratory judgment. In particular, the Debtor and Defendant have, to date, failed or refused to agree on a valuation of Debtor's martial interest in the Royalton Real Estate, and need the State Court Judge or this Court to determine the marital value.

20. The Bankruptcy Court is a court of equity and has authority to enter declaratory judgment finding that the Royalton Real Estate is property of the Debtor's bankruptcy estate within the meaning of 11 U.S.C. §541, subject to the Debtor's claimed exemption of $11,765.00 under 11 U.S.C. §522(d)(5).

WHEREFORE, Defendant seeks an order of the court declaring (1) the Debtor holds a marital interest in the Royalton Real Estate; (2) the value of the marital interest is one- half of the appraised value as of the August 14, 2019 less the recorded liens on the property as of said date; and (3) the Debtor's interest in the Royalton Real Estate is property of the Debtor's bankruptcy estate within the meaning of 11 U.S.C. §541, subject to the Debtor's claimed exemption of $11,765.00 under 11 U.S.C. §522(d)(5).

KELM & REUTER, P.A.

Dated: 8-24-2021

Timothy R. Reuter
Attorney for Petitioner
Attorney No. 0264684
1287 2nd Street North, Suite 101
Sauk Rapids, MN 56379
(320) 251-1423
kelmreuter@kelmreuter.com